### Thomas Wright *vs.* Jacob Levy & Wife.

#### March 28, 1876.

Continuance—Absence of Witness.—Judgment in this case reversed upon the ground of error in refusing to postpone the trial of the action on account of the absence of evidence.

This action being on the calendar at a general term of the district court for Winona county, *Mitchell*, J., presiding, the defendants moved for a continuance, which was denied. The case being reached in its order, the defendants did not appear, and their default was entered, a jury called, and the plaintiff's damages assessed. A motion to open the default was denied, and judgment entered for plaintiff, from which the defendants appeal.

*G. & W. Gale* and *Jas. W. Dyckson*, for appellants.

*Simpson & Wilson* and *R. R. Briggs*, for respondent.

BERRY, J.    A motion was made in the court below for a postponement of the trial of this action on account of the absence of evidence. It is claimed that the denial of the motion is an abuse of discretion.

The defendants were husband and wife, the latter being the proposed witness on account of whose absence the postponement was asked.   Her testimony was material; but she was pregnant, and unwilling to appear in court and testify in the case.   The question was whether, under these circumstances, the trial should be postponed on the ground that her attendance in court could not be secured without danger to her life and health.   The question of danger was referred by the court to two physicians, each of whom certified, in effect, that under the circumstances it would be dangerous to her life and health to compel her attendance in court, but that if she was willing to appear in court, and submit to an examination, she could do so with safety.

Upon this state of facts (which is supported also by the affidavit of defendant, Jacob Levy) we are of opinion that it was the duty of the court below, in the exercise of sound discretion, to postpone the trial. Irrespective of her rights as a party to the action, her husband was entitled to the benefit of her oral testimony in the absence of any special reason for forcing him to trial without it. If her presence could not be had without danger to her life and health, the case would, upon considerations of humanity, be one of absence of evidence which could not be procured by due diligence, within the meaning of the statute upon this subject. Gen. St. ch. 66, § 204. That this absence was occasioned by an unwillingness to attend, rather than by a physical inability to attend, was not important, so long as the danger to life and health existed.

If, as suggested by plaintiff's counsel, there was something in the surroundings of the case, and of the application for the postponement, which could affect the foregoing considerations, but which does not appear upon the papers returned here, we, of course, cannot consider it.

It is perhaps proper to add that it appears that the plaintiff's alleged cause of action accrued on September 14, 1874; that the case was duly placed upon the calendar of the general term of the district court on October 14 following, and that the application for the continuance was made and denied on the 29th day of the same month. It further appears that any judgment which the plaintiff may recover is secured by a bond given for the purpose of procuring the discharge of an attachment. Under these circumstances it is difficult to see how the postponement could work any special hardship to the plaintiff.

Judgment reversed.

GILFILLAN, C. J., *dissenting.* Assuming the good faith of the application for a continuance, the case made was a strong one. But the record shows enough to raise a question as to its good faith; and where the application fairly

presents such a question, I do not think the decision of the trial court upon it is subject to review, and I am, therefore, of opinion that the judgment should be affirmed.